Roland J. Tong CSB #216836
Law Offices of Roland Tong, PC
7700 Irvine Center Drive Suite 800
Irvine, CA 92618
Phone: (949) 298-4081
roland@rtlawoffices.com

Attorney for Plaintiff
Luna Distributing LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| | *Case No.:* |
| LUNA DISTRIBUTING LLC, a California Limited Liability Company<br>　　　　　Plaintiff,<br><br>vs.<br><br><br>STOLI GROUP USA LLC<br>AND DOES 1-10 inclusive<br>　　　Defendants | COMPLAINT FOR:<br><br>(1) TRADEMARK INFRINGEMENT OF A REGISTERED MARK UNDER THE LANHAM ACT;<br>(2) MISREPRESENTATION, FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, AND UNFAIR COMPETITION UNDER THE LANHAM ACT<br>(3) COMMON LAW FALSE ADVERTISING AND UNFAIR COMPETITION<br>(4) INJURY TO BUSINESS REPUTATION AND DILUTION UNDER CAL. BUS. & PROF. CODE §14330<br>(5) UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200 AND THE COMMON LAW<br>(6) UNJUST ENRICHMENT<br>(7) TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE<br><br>(DEMAND FOR JURY TRIAL) |

Plaintiff's Complaint

Plaintiff, LUNA DISTRIBUTING LLC (hereinafter "Plaintiff" or "Luna"), by its attorneys, as and for its Complaint against Defendants STOLI GROUP USA LLC (hereinafter "Stoli") and DOES 1-10 (hereinafter collectively referred to as "Defendants"), allege as follows:

## I.  INTRODUCTION

1.   Plaintiff is the exclusive owner and licensor of the trademarks and other intellectual property rights associated with the mark HAUTE® (pronounced "Hot") for distilled spirits, including vodkas, since early 2009.  Given the resultant marketplace confusion and harm resulting from Defendants' marketing and distribution of "The Stoli Hot" vodka starting at least as early as 2012 as alleged more fully below, Plaintiff seeks injunctive and monetary relief from Defendants for trademark infringement, false designation of origin, false advertising, unfair competition, unjust enrichment, and tortious interference with prospective economic advantage.

## II. THE PARTIES

2. At all times material hereto, Luna Distributing is and has been a limited liability company existing under and by virtue of the laws of the State of California with its principal place of business located at 1900 E Warner Ave #A, Santa Ana, CA 92705.

3. Plaintiff is informed and believes and, on that basis, alleges that at all times material hereto, Defendant Stoli Group LLC USA is and has been a limited partnership existing under and by virtue of the laws of the State of New York with its principal place of business at 135 E 57th St, 9th Floor, New York, NY 10022.

Plaintiff's Complaint

4. The true names, identities and capacities, whether individual, associate, corporate or otherwise, of Defendants DOES 1 through 10, inclusive, and each of them (the "DOE Defendants"), are unknown to Plaintiff at this time, who therefore sues the DOE Defendants by such fictitious names.  When the true names and capacities or participation of the DOE Defendants are ascertained, Plaintiff will amend this complaint to assert the true names, identities and capacities.  Plaintiff is informed and believes and thereon alleges that each of the DOE Defendants sued herein is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff in some manner for the events and happenings alleged in this complaint. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, the DOE Defendants were and are doing business and/or residing in this District.

### III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's trademark infringement claims pursuant to the Lanham Act, Title 15 of the United States Code §§ 1114-1118 and 1125.

6.  This Court has supplemental jurisdiction over Plaintiff's pendent state law claims, including among other things those arising out of California's Business and Professions Code § 17200 *et seq.* and California Common law, pursuant to 28 U.S.C. § 1367, in that the state claims are integrally interrelated with Plaintiff's federal claims and arise from a common nucleus of operative facts such that the administration of Plaintiff's state law claims with its federal claims furthers the interest of judicial economy.

7.  This Court has personal jurisdiction over Defendants by virtue of Defendants

Plaintiff's Complaint

transacting and doing business in this District and also by virtue of Defendants committing a tort in or directed at this District.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and/or a substantial part of property that is the subject of the action is situated in this District.

## IV. FACTS COMMON TO ALL CAUSES OF ACTION

### A. Luna Distributing and its Trademark

9. Plaintiff, Luna Distributing, is a creator, supplier and seller of vodka and other distilled spirits. Luna Distributing has owned and marketed vodka under the HAUTE® Trademark since early 2009 (hereinafter "HAUTE® VODKA").

10. Plaintiff has engaged in extensive marketing and promotion of their vodka under the HAUTE® Trademark and had enjoyed significant sales of their HAUTE® VODKA.

11. Plaintiff had built up significant goodwill therein and its branded merchandise has been praised and recognized in the spirits industry and through various media. HAUTE® VODKA was featured in a *Celebrated Living* magazine article in 2010, was featured at several celebrity-sponsored charity events, including one sponsored by the American Red Cross in 2011, and has won many industry awards, including Gold Award for taste at the 2011 and 2012 MicroLiquor Awards and an award of Gold in 2014 from the Beverage Testing Institute.

12. Plaintiff has been promoting its vodka under the HAUTE® ® Trademark since 2009, and has acquired broad commonlaw rights in this trademark.

Plaintiff's Complaint

4

13. Plaintiff filed for U.S. federal trademark registration on February 26, 2009 for the mark HAUTE® as used in connection with distilled spirits. The mark HAUTE® for distilled spirits was assigned Serial No. 77/679500.

14. Plaintiff was granted Registration No. 4,978,226 for its HAUTE® Mark for "distilled spirits" by the United States Patent and Trademark Office ("USPTO") (Exhibit A).

15. Plaintiff also was issued the Notice of Pseudo Mark "Hot" by the USPTO examining attorney (Exhibit B).

16. The trademark registration set forth above is valid, unrevoked and uncancelled. The registration of this mark constitutes prima facie evidence of its validity and conclusive evidence of the Plaintiff's exclusive right to use the HAUTE® Trademark in commerce.

17. Plaintiff is the sole and exclusive owner of the HAUTE® Trademark as used in connection with distilled spirits and of all of the goodwill associated therewith.

18. The registration of the HAUTE® Trademark was duly and lawfully issued, and since its date of grant has been valid and subsisting, in full force and effect, uncancelled and unrevoked.

**B.  The Defendants' Unlawful Activities**

19. Defendants manufacture and distribute assorted vodkas under its STOLICHNAYA and STOLI formative marks. Defendants have introduced several brands of flavored vodkas.

20. Upon information and belief, Defendants began marketing and selling "The Stoli Hot" vodka line in March 2012 (hereinafter "HOT VODKA").  A copy of the Defendants' website showing the product with the infringing mark is shown in Exhibit C.

Plaintiff's Complaint

21. Upon information and belief, Plaintiff alleges that at all relevant times, Defendants were aware of Plaintiff's proprietary interest in the trademark associated with Plaintiff's HAUTE® VODKA and willfully and intentionally infringed upon Plaintiff's trademark.

22. In fact, Plaintiff has requested that Defendants cease and desist from the marketing and distribution of HOT VODKA as it infringed upon Plaintiff's trademark, but Defendants have, to date, refused to comply with Plaintiff's requests.

23. Despite Plaintiff's requests that Defendants cease and desist from doing so, Defendants continue to infringe upon Plaintiff's trademark and continue to produce and market their HOT VODKA.

24. Defendant's continuing infringement has caused actual consumer confusion and lost sales for Plaintiff and has resulted in Defendant's continuing willful infringement has resulted in Plaintiff losing valuable placements valuable retail locations.

25. Defendant's continuing willful infringement has further caused confusion by retailers themselves. Plaintiff has performed retail checks for shelving location of its HAUTE® VODKA product only to be directed to Defendant's infringing HOT VODKA by in-store staff. As a direct result of this, Plaintiff has lost sales and brand recognition. The conduct of Defendants is deliberate and intentional and is specifically intended to enrich Defendants, while causing harm and damage to the Plaintiff.

### FIRST CLAIM FOR RELIEF
**Infringement of a Registered Trademark Under
Section 32(a) of the Lanham Act,
15 U.S.C. § 1114(1) (a)**

26. Plaintiff hereby incorporates by reference each and every allegation contained in the

Plaintiff's Complaint

paragraphs above as if fully stated herein.

27. Defendants have used in commerce, without Plaintiff's consent, the mark HOT VODKA that it is likely to cause confusion with respect to the source and origin of Defendants' products and business and is likely to cause confusion or mistake and to deceive consumers as to the affiliation, connection, or association of Plaintiff with Defendants and/or the marketing or sale of its products.

28. Defendants' acts constitute willful infringement of Plaintiff's mark, in violation of the Lanham Act and the common law.

29. Defendants acts as aforesaid were committed with knowledge that their use of the mark HOT VODKA was intended to cause confusion, mistake or to deceive.

30. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its business reputation and goodwill. Defendant will continue, unless restrained, to use marks confusingly similar to Plaintiff's HAUTE® VODKA and have and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law.

31. Plaintiff is entitled to injunctive relief under 15 USC §1116 against Defendants, their officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of trademark infringement. Such harm will continue and increase until Defendants are preliminarily and permanently enjoined from their unlawful conduct.

32. Plaintiff is further entitled to the recovery of damages from Defendants jointly and severally pursuant to 15 USC §1117, as Defendants' infringing actions are willful. Damages recoverable include (1) defendant's profits, (2) up to three times the actual damages sustained by the plaintiff and (3) the costs of the action. Plaintiff is presently unable to ascertain the full extent

Plaintiff's Complaint

of its actual monetary damages, but they are in excess of $75,000, that it has suffered and/or is likely to suffer by reason of Defendant's acts of trademark infringement. Plaintiff is also presently unable to ascertain the full extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of trademark infringement, but they are in excess of $75,000.

### SECOND CLAIM FOR RELIEF
**Misrepresentation, False Designation of Origin, False Advertising, and Unfair Competition Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) Against All Defendants**

33. Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

34. Defendant's actions as alleged herein constitute a false designation of origin in violation of 15 U.S.C. §1125(a) in that they have, on or in connection with Defendants' goods or services, used HOT VODKA which represents a false designation of origin, false or misleading description and/or a misrepresentation of fact likely to cause confusion, mistake or deceive as to whether Plaintiff had anything to do with the origin, sponsorship, or approval of the goods, services or commercial activities of Defendants.

35.  Defendants have similarly violated 15 USC §1125(a) in that their commercial advertising or promotion using HOT VODKA misrepresents the nature, characteristics, qualities, and/ or geographic origin of their goods, services or commercial activities.

36. As a direct and proximate result of Defendants' willful and wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its business reputation and goodwill.  Defendant will continue, unless restrained, to use a mark confusingly similar to

Plaintiff's Complaint

8

Plaintiff's HAUTE® Trademark and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law.

37. Plaintiff is entitled to injunctive relief under 15 USC §1116 against Defendants, their officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of trademark infringement.  Such harm will continue and increase until Defendants are preliminarily and permanently enjoined from their unlawful conduct.

38. Plaintiff is further entitled to the recovery of damages from Defendants jointly and severally pursuant to 15 USC §1117, as Defendants' infringing actions are willful. Damages recoverable include (1) defendant's profits, (2) up to three times the actual damages sustained by the plaintiff and (3) the costs of the action. Plaintiff is presently unable to ascertain the full extent of its actual monetary damages, but they are in excess of $75,000, that it has suffered and/or is likely to suffer by reason of Defendant's acts of trademark infringement. Plaintiff is also presently unable to ascertain the full extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of trademark infringement, but they are in excess of $75,000.

**THIRD CLAIM FOR RELIEF**
**Common Law False Advertising and Unfair Competition**
**Against All Defendants**

39. Defendants' use of HOT VODKA constitutes material false statements of fact concerning Defendants' affiliation, connection with, and sponsorship by Plaintiff.

40. Defendants knew or should have known that their use of HOT VODKA is likely to mislead or confuse consumers.

Plaintiff's Complaint

41. Defendants' false statements have actually deceived numerous third parties or have a tendency to deceive a substantial portion of the marketplace.

42. Defendants' deception is material because it causes, or tends to cause the consuming public to wrongfully believe that Defendants are affiliated, connected, or sponsored by Plaintiff when it is not.

43. Through their advertising and signage, Defendants have caused false statements to enter interstate commerce.

44. Defendants' false advertising violates the common law.

45. Plaintiff has been damaged by Defendants willful misconduct in an amount according to proof.

### FOURTH CAUSE OF ACTION
**Injury to Business Reputation and Dilution under Cal. Bus. & Prof. Code § 14330**

46. Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

47. The use by Defendant of the mark in California: (a) dilutes or is likely to dilute the distinctive quality of Plaintiff's registered HAUTE® mark; (b) reduces or is likely to reduce the value of Plaintiff's goodwill and business reputation; and (c) destroys or is likely to destroy the exclusive association by the public of Plaintiff's mark.  Defendants' wrongful acts constitute injury to business reputation and dilution of the distinctive quality of Plaintiff's mark within the meaning of Cal. Bus. & Prof. Code §14330.

48. As a direct and proximate result of Defendants' wrongful act, Plaintiff is likely to suffer, and/or has suffered, and is likely to continue to suffer, dilution of Plaintiff's HAUTE® mark and damage to its business reputation and goodwill in an amount subject to proof.

Plaintiff's Complaint

Defendant will continue, unless restrained, to use the mark, and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law.  Plaintiff is entitled to an injunction restraining Defendants, their officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of injury to Plaintiff's business reputation and dilution of Plaintiff's mark.  Such harm will continue and increase until Defendants are preliminarily and permanently enjoined from its unlawful conduct.

## FIFTH CAUSE OF ACTION
### Unfair Competition Under Cal. Bus. & Prof. Code § 17200 and the Common Law

49. Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

50. Cal. Bus. & Prof. Code § 17200, et seq., states that unfair competition shall mean and include any "unlawful, unfair or fraudulent business act or practice."

51. Defendants' actions as alleged herein constitute unlawful business acts and/or practices under Cal. Bus. & Prof. Code § 17200, et seq. and the common law.

52. Defendant's conduct constitutes unfair business acts and/or practices because Defendants have unfairly used and infringed Plaintiff's registered HAUTE® Mark in contravention of the Lanham Act while engaging in a business practice.

53. Defendants' conduct constitutes fraudulent business acts and practices because Defendants have deceptively and unfairly marketed, advertised, sold, and/or distributed products under trademarks that are confusingly similar to Plaintiff's registered HAUTE® mark.

54. As a direct and proximate result of Defendants' wrongful acts, Plaintiff is likely to suffer, and/or has suffered, and is likely to continue to suffer damage to its business reputation and goodwill.  Defendants will continue, unless restrained, to use the mark, and to deceptively

Plaintiff's Complaint

and unfairly market, advertise, and promote their business.  This will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law.  Plaintiff is entitled to an injunction restraining Defendants, their officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of unfair competition.  Such harm will continue and increase until Defendants are preliminarily and permanently enjoined from their unlawful conduct.

55. Plaintiff is further entitled to recover from Defendants the actual damages that it has sustained and/or is likely to sustain as a result of Defendants' wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of Defendants' acts of unfair competition, but they are in excess of $75,000.

56.  Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of its wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of unfair competition, but they are in excess of $75,000.

57. Due of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of punitive damages.


## SIXTH CAUSE OF ACTION
### Unjust Enrichment Under Common Law

58. Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

59. By virtue of the egregious and illegal acts of Defendants as described above,

60. Defendants have been unjustly enriched in an amount to proven at trial.

Plaintiff's Complaint

61. Defendant's retention of monies gained through its deceptive business practices and infringements would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

## SEVENTH CLAIM FOR RELIEF
### Tortious Interference with Prospective Economic Advantage Against All Defendants

62. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

63. With knowledge of Plaintiff's Trademarks and related information, and the existence of relationships between customers and the Plaintiff, Defendants have tortuously interfered with Plaintiff's prospective economic advantage.

64. The Defendants have wrongfully used the Plaintiff's trademarks, reputation, and goodwill to unfairly compete, to interfere with the Plaintiff's relationships with its customers and consumers, and to deprive the Plaintiff of sales and business that would have been available to it.

65. These acts were committed with the intent to injure and Plaintiff's current and future business expectancies with customers and consumers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant, and each of them, as follows:

1. For damages in an amount to be proven at trial for trademark infringement under 15

Plaintiff's Complaint

U.S.C. §1114/Lanham Act §43(a);

2. For damages in an amount to be proven at trial for false designation of origin under 15 U.S.C. §1125(a);

3. For damages to be proven at trial for common law unfair competition;

4. For damages in an amount to be proven at trial for unfair, fraudulent and illegal business practices under Cal. Bus. & Prof. Code § 17200;

5. For disgorgement of Defendant's profits under 15 U.S.C.  § 1117(a);

6. For injunctive relief barring Defendant and its agents, employees, subsidiaries, licensees, successors, and assigns, and all other persons in active concert, privity or participation with it, from doing, abiding, causing or abetting any direct or indirect use of Plaintiff's HAUTE®  mark, or any confusingly similar trademarks in any way, including in advertising, promoting, or selling Defendant's products and services, which infringe upon Plaintiff's rights or compete unfairly with Plaintiff, including but not limited to the use of the mark HOT VODKA;

7. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or as equity requires;

8. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendant's possession which rightfully belong to Plaintiff;

9. For destruction of the infringing articles in Defendant's possession under 15 U.S.C. § 1118;

10. For damages in an amount to be proven at trial for unjust enrichment;

Plaintiff's Complaint

14

11. For all costs of suit; and

12. For such other and further relief as the Court may deem just and equitable.


## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury in this action.


Dated this __7th__ day of September 2017

                                  ___*/Roland J. Tong/*_____

                                  Roland J. Tong

                                  State Bar No. 216836

                                  Law Offices of Roland Tong, PC

                                  7700 Irvine Center Drive Suite 800

                                  Irvine, CA 92618

                                  Tel. no. (949) 298-4081

                                  Fax. no. (949) 419-0956

                                  Email: roland@rtlawoffices.com

                                  Attorney for Plaintiff

Plaintiff's Complaint

# EXHIBIT A



# United States of America
## United States Patent and Trademark Office

# Haute

**Reg. No. 4,978,226**

**Registered June 14, 2016**

**Int. Cl.: 33**

**TRADEMARK**

**PRINCIPAL REGISTER**

LUNA DISTRIBUTING (CALIFORNIA LIMITED LIABILITY COMPANY)
LUNADISTRIBITING
1900 E. WARNER AVE #A
SANTA ANA, CA 92705

FOR: DISTILLED SPIRITS, IN CLASS 33 (U.S. CLS. 47 AND 49).

FIRST USE 3-2-2009; IN COMMERCE 3-2-2009.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-679,500, FILED 2-26-2009.

VIVIAN MICZNIK FIRST, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

# EXHIBIT B

| | |
|---|---|
| **From:** | TMDesignCodeComments |
| **Sent:** | Wednesday, March 4, 2009 00:16 AM |
| **To:** | lunadistributing@yahoo.com |
| **Subject:** | Notice of Pseudo Mark for Serial Number: 77679500 |

**ATTORNEY REFERENCE NUMBER:**

The USPTO may assign pseudo marks, as appropriate, to new applications to assist in searching the USPTO database for conflicting marks. They have no legal significance and will not appear on the registration certificate.

A PSEUDO MARK may be assigned to marks that include words, numbers, compound words, symbols, or acronyms that can have alternative spellings or meanings. For example, if the mark comprises the words 'YOU ARE' surrounded by a design of a box, the pseudo mark field in the USPTO database would display the mark as 'YOU ARE SQUARE'. A mark filed as 'URGR8' would receive a pseudo mark of 'YOU ARE GREAT'.

Response to this notice is not required; however, to suggest additions or changes to the pseudo mark assigned to your mark, please e-mail TMDesignCodeComments@USPTO.GOV. You **must** reference your application serial number within your request. The USPTO will review the proposal and update the record, if appropriate. For questions, please call 1-800-786-9199 to speak to a Customer Service representative.

The USPTO will not send any further response to your e-mail. Check TESS in approximately two weeks to see if the requested changes have been entered. Requests deemed unnecessary or inappropriate will not be entered.

**Pseudo marks assigned to the referenced serial number are listed below.**

**PSEUDO MARK:**

HOT

# EXHIBIT C





# THE
## STOLI®
## HOT

The only pepper vodka on the market with significant mouth-heat, Stoli® Hot opens with a subtle hint of smoke, rounded out with spicy jalapeño. Mixers like pineapple and lime quell the heat some with their tartness, yet still allow the complex flavors to shine.