Cyndie M. Chang (SBN 227542)
cmchang@duanemorris.com
Dan Terzian (SBN 283835)
dterzian@duanemorris.com
**DUANE MORRIS LLP**
865 South Figueroa Street, Suite 3100
Los Angeles, CA  90017-5450
Tel.:  213.689.7400
Facsimile:   213.689.7401

Attorneys for Defendant
STOLI GROUP USA LLC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA DISTRIBUTING LLC, a California Limited Liability Company,<br><br>  Plaintiff,<br><br>  v.<br><br>STOLI GROUP USA LLC AND DOES 1-10  inclusive,<br><br>  Defendants. | Case No.: 8:17-cv-01552-DOC-JCG<br><br>Hon. David O. Carter<br><br>**STOLI GROUP'S MEMORANDUM IN SUPPORT OF ITS EX PARTE APPLICATION FOR AN ORDER EXTENDING TIME TO RESPOND TO THE COMPLAINT BY 28 DAYS**<br><br>Complaint served: November 10, 2017<br>Complaint received: November 29, 2017<br>Sought response date: Dec. 29, 2017 |

Defendant Stoli Group USA LLC ("Stoli Group") applies ex parte for an order extending Stoli Group's time to respond to the Complaint (ECF No. 1) by 28 days, from December 1, 2017, to December 29, 2017.

**I.   ARGUMENT**

The requested relief should be granted because Stoli Group did not receive the Complaint until two days before its response would be due under the Federal Rules of Civil Procedure.  Two days is not adequate time to retain outside counsel, develop a strategy on how to respond to the Complaint, and execute that strategy.

To be sure, Stoli Group's agent for service of process, Corporation Service Company Inc. (CSC), was served with the Complaint on November 10, 2017. Exhibit A to Declaration of Dan Terzian, Notice of Service of Process and Transmittal Memo at A003–004. Yet CSC did not process the request until eighteen days later. *Id.* at A003. Stoli Group was neither notified that the Complaint had been served, nor did it receive a copy of the Complaint from CSC, until November 29, 2017. Declaration of Dan Terzian at ¶ 3. Based on a service date of November 10, the response would be due December 1—just two days after Stoli Group received the Complaint. Fed. R. Civ. P. 12(a)(1)(A).

### A.   Stoli Group has made reasonable and good faith efforts to advise Luna Distributing of this Application. Luna Distributing knows of this Application, but it has declined to take a position regarding the application at this time.

Stoli Group has made reasonable and good faith efforts to advise Plaintiff Luna Distributing LLC ("Luna Distributing") of this application. Luna Distributing knows of this application, but its counsel of record Roland Tong has advised that Luna Distributing cannot take a position on the application until it has an opportunity to consult with its newly retained counsel, Craig Lytle, on this issue. *Id.* at ¶ 8.

On November 30, 2017, Stoli Group called Mr. Tong and Mr. Lytle at around 3:55 PM. *Id.* at ¶ 5. Stoli Group called both of their offices. *Id.* Neither answered the phone, and Stoli Group left voicemails with both of them. *Id.* Both voicemails advised that Stoli Group would like to stipulate to extend time to respond to the Complaint, or alternatively it will need to move ex parte for an extension. *Id.*

Stoli Group then emailed Mr. Tong and Mr. Lytle at 4:22 PM. *Id.* at ¶ 6. The email advised them that: "Stoli Group just received the complaint yesterday. I left voicemails on both your machines. Could we stipulate to an extension of time to respond to the complaint? If not, we will be moving ex parte for an extension of around 30 days to the complaint, and we'll file that ex parte application today. Could you please advise whether you would oppose that application?" *Id.* at ¶ 6.

At 4:59 PM, Mr. Tong called Stoli Group. *Id.* at ¶ 7. He advised that he was no longer Luna Distribution's counsel and could not make decisions on their behalf. *Id.* Stoli Group informed Mr. Tong that he appears to be counsel of record in this case and that Stoli Group needed to identify his position on this ex parte application. *Id.* Mr. Tong advised that he has no position regarding the application. *Id.*

At 5:09 PM, Mr. Tong sent Stoli Group an email. *Id.* at ¶ 8. He advised that "[a]fter speaking with [Stoli Group] today, [he] called the client and was able to get a hold of her. She told me that she needs to get a hold of Craig Lytle before she can make any decision regarding your request for an extension." *Id.*

At the time of filing, around 10:35 PM, Stoli Group has not heard from Mr. Lytle on his position on either a stipulation for an extension or this ex parte application. *Id.* at ¶ 9.

### B.  Opposing Counsel's Contact Information

Luna Distribution's counsel of record is Roland Tong. His contact information is:

> Law Offices of Roland Tong, PC
> 7700 Irvine Center Dr., Suite 800
> Irvine, CA 92618-3047
> (949) 298-4080
> roland@rtlawoffices.com

Luna Distribution's newly retained counsel is Craig Lytle. His contact information is:

> 15028 Prairie Ave.
> Hawthorne, CA 90250
> (310) 376-2253
> cmll2000@yahoo.com

## II.  CONCLUSION

The Court should grant Stoli Group's ex parte application because denial of this application would deprive Stoli Group from having an opportunity to meaningfully participate in its own defense. Accordingly, Stoli Group respectfully requests that this

Court extend Stoli Group's time to respond to the Complaint by 28 days, from December 1, 2017, to December 29, 2017.

Dated: November 30, 2017  **DUANE MORRIS LLP**

By: /s/ Dan Terzian
Cyndie M. Chang
Dan Terzian

Attorneys for Defendant STOLI GROUP USA LLC