Cyndie M. Chang (SBN 227542)
cmchang@duanemorris.com
Dan Terzian (SBN 283835)
dterzian@duanemorris.com
**DUANE MORRIS LLP**
865 South Figueroa Street, Suite 3100
Los Angeles, CA 90017-5450
Tel.: 213.689.7400
Facsimile: 213.689.7401

Attorneys for Defendant
STOLI GROUP USA LLC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA DISTRIBUTING LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>STOLI GROUP USA LLC AND DOES 1-10 inclusive,<br><br>Defendants. | Case No.: 8:17-cv-01552-DOC-JCG<br><br>Hon. David O. Carter<br><br>**DECLARATION OF DAN TERZIAN IN SUPPORT OF STOLI GROUP'S EX PARTE APPLICATION FOR AN ORDER EXTENDING TIME TO RESPOND TO THE COMPLAINT BY 28 DAYS**<br><br>Complaint served: November 10, 2017<br>Complaint received: November 29, 2017<br>Sought response date: Dec. 29, 2017 |

I, Dan Terzian, hereby declare as follows pursuant to 28 U.S.C. § 1746:

1. I am an associate with the law firm of Duane Morris LLP, counsel of record for Defendant Stoli Group USA LLC ("Stoli") and admitted to the above-captioned court.

2. Attached as Exhibit A is a true and correct copy of the Complaint and documents served with it, which were first provided to Stoli Group on November 29, 2017.

3.     Stoli Group advised my firm that Lisa Derman was not an employee of Stoli Group at the time Corporation Service Company ("CSC") provided notice of service of process to her on November 28, 2017.  Stoli Group also advised that it received notice of service of process of the Complaint and the Complaint from CSC on November 29, 2017.

4.     On November 30, 2017, Stoli Group retained Duane Morris LLP ("Duane Morris") to represent it in connection with this matter.  Upon Duane Morris' retention as counsel for Stoli Group, Gregory P. Gulia and Vanessa C. Hew, partners in Duane Morris' New York office, immediately reached out to counsel for Plaintiff Luna Distributing LLC ("Luna Distributing") to request an extension of time to respond to the Complaint.  At around 12:43 PM, Ms. Hew emailed both Roland Tong (Luna Distributing's counsel of record) and Craig Lytle (Luna Distributing's newly retained counsel) to request an extension to respond to the Complaint.  At around 2:55 PM, Mr. Gulia and Ms. Hew spoke with Roland Tong, but Mr. Tong advised that he could not consent to the request, given his pending application to withdraw as Luna Distributing's counsel.  However, Mr. Tong agreed to communicate the request to Luna Distributing.  Mr. Tong also advised us to contact Mr. Lytle.  My colleagues contacted Mr. Lytle by telephone, but at the time of filing, my colleagues have not heard back from him.

5.     Later that same day, I contacted Mr. Tong and Mr. Lytle at around 3:55 PM.  I called both of their offices.  Neither answered the phone, and I left voicemails for both of them.  Both voicemails advised that Stoli Group would like to stipulate to extend time to respond to the complaint, or alternatively it will need to move ex parte for an extension.

6.     I then emailed Mr. Tong and Mr. Lytle at 4:22 PM.  My email advised them that: "I represent Stoli Group in the case brought by Luna Distribution. Stoli Group just received the complaint yesterday. I left voicemails on both your machines. Could we stipulate to an extension of time to respond to the complaint? If not, we will

be moving ex parte for an extension of around 30 days to the complaint, and we'll file that ex parte application today. Could you please advise whether you would oppose that application?"

7. At 4:59 PM, Mr. Tong called me. He advised that he was no longer Luna Distribution's counsel and could not make decisions on their behalf. I informed Mr. Tong that he appears to be counsel of record in this case and that I believed I need to identify his position on this ex parte application. Mr. Tong advised that he has no position with respect to the application.

8. At 5:09 PM, Mr. Tong sent me an email. He advised that "[a]fter speaking with [me] today, [he] called the client and was able to get a hold of her. She told me that she needs to get a hold of Craig Lytle before she can make any decision regarding your request for an extension."

9. At the time of filing, around 10:35 PM, I have not heard from Mr. Lytle on his position on either a stipulation for an extension or this ex parte application.

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct.

Executed this 30th day of November 2017 in Los Angeles, California.

/s/ Dan Terzian
Dan Terzian