Cyndie M. Chang (SBN 227542)
cmchang@duanemorris.com
**DUANE MORRIS LLP**
865 South Figueroa Street, Suite 3100
Los Angeles, CA 90017-5450
Tel.: 213.689.7400
Facsimile: 213.689.7401

and

Gregory P. Gulia (*admitted pro hac vice*)
Vanessa C. Hew (*admitted pro hac vice*)
**DUANE MORRIS LLP**
1540 Broadway
New York, N.Y. 10036
Tel.: 212.692.1000
Facsimile: 212.692.1020

Attorneys for Defendant
STOLI GROUP (USA), LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA DISTRIBUTING LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>STOLI GROUP (USA), LLC AND DOES 1-10 inclusive,<br><br>Defendants. | Case No.: 8:17-cv-01552-DOC-JDE<br><br>Hon. David O. Carter<br><br>**JUDGMENT AND ORDER** |

# MEMORANDUM AND ORDER
# DISMISSING ACTION FOR FAILURE TO PROSECUTE

I.  Proceedings

On September 7, 2017, Plaintiff Luna Distributing, LLC commenced an action against Stoli Group (USA) alleging that Defendant's use of the term "The Stoli Hot" in connection with its line of spicy jalapeno-flavored STOLICHNAYA® and/or STOLI® brand vodka products infringes Plaintiff's exclusive rights in its HAUTE Trademark.

On December 29, 2017, Defendant moved to dismiss the Complaint. An opposition to Defendant's motion to dismiss was due on January 8, 2018. Plaintiff failed to timely oppose the Motion to Dismiss. On January 22, 2018, Defendant notified the Court of Plaintiff's failure to oppose the Motion to Dismiss. On January 24, 2018, more than two weeks after the deadline for Plaintiff to file its opposition papers and without seeking leave from the Court, Plaintiff filed an untimely opposition to the Motion to Dismiss.

On July 10, 2018, the Court issued a decision granting the Motion to Dismiss in part and denying it in part. However, the Court granted Plaintiff leave to amend the Complaint by July 23, 2018. Plaintiff did not file an amended complaint. On September 11, 2018, Defendant filed an answer to the surviving claims alleged in the Complaint.

On April 30, 2018, the Court held an initial pretrial scheduling conference with the parties. Luna failed to timely appear at the scheduling conference. Noting Plaintiff's absence at the scheduling conference, the Court immediately contacted counsel for Luna and ordered him to appear for the scheduling conference immediately. Counsel for Luna appeared approximately three hours past the original pretrial scheduling conference time.

On October 11, 2018, Defendant served Plaintiff with Defendant's First Set of Requests for Production of Document and Things. Plaintiff's responses and objections to the document requests and document production were due on November 12, 2018. As of the close of discovery, Plaintiff had not served any documents or other responses to Defendant's Document Requests.

On January 4, 2019, Defendant served Defendant's First Set of Interrogatories and Defendant's First Set of Requests for Admission. Plaintiff's responses to Defendant's interrogatories and requests for admission were due on February 7, 2019. As of the close of discovery, Plaintiff had not served any responses to Defendant's interrogatories or requests for admission.

On January 18, 2019, Defendant served Plaintiff with a Notice of Rule 30(b)(6) Deposition. Plaintiff's 30(b)(6) deposition was scheduled to commence on February 11, 2019. On February 6, 2019, weeks after Defendant served its Notice of Rule 30(b)(6) Deposition, counsel for Plaintiff unilaterally cancelled Plaintiff's 30(b)(6) deposition claiming that Plaintiff's witness had jury duty and was unable to attend the deposition. Although Plaintiff claimed that it would provide alternative dates for the deposition, Plaintiff failed to provide any dates of availability for its witnesses.

On February 18, 2019, the fact discovery period in this case ended. Despite the fact that Plaintiff initiated this litigation, Plaintiff made absolutely no attempt to prosecute this case or comply with its discovery obligations. By the close of fact discovery, Plaintiff had not taken any depositions or conducted any discovery. Although this litigation has been ongoing for more than a year and half, Plaintiff has not served any requests for production of documents, interrogatories, requests for admission or notices of deposition. Plaintiff also failed to comply with its discovery obligations. By the close of discovery, Plaintiff had not produced any documents or other responses to Defendant's document requests, interrogatories, or requests for admission. Plaintiff also failed to appear at its 30(b)(6) deposition.

On April 15, 2019, Defendant served Stoli Group's Motion for Summary Judgment or Dismissal seeking summary judgment on all claims under Rule 56 of the Federal Rules of Civil Procedure. In the alternative, Defendant moved for dismissal of this action based on Plaintiff's failure to prosecute and/or failure to participate in discovery under Rule 41(b) and Rule 36(d) of the Federal Rules of Civil Procedure. In its motion, Stoli noticed April 15, 2019 as the hearing date for its motion.

Pursuant to Local Rule 7-9, Plaintiff was required to file and serve either an opposition to Defendant's Motion for Summary Judgment and Dismissal or, in the alternative, a written statement that Luna did not intend to oppose the motion by April 22, 2019. On the date of the deadline, Plaintiff failed to oppose Defendant's Motion for Summary Judgment and Dismissal or file a statement of non-opposition to Defendant's motion. As of April 9, 2019—more than two weeks after the deadline for the opposition and less than one week before the scheduled hearing date—no opposition to Defendant's Motion for Summary Judgment and Dismissal had been filed.

On April 9, 2019, the Court ordered the parties to appear for a status conference on April 11, 2019. On April 11, 2019, the Court held the status conference. Plaintiff failed to appear at the status conference.

II. Discussion

The district court's authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders is well settled in this Court. See Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260

(9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

When determining whether to dismiss a plaintiff's action on this basis, the Court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In this case, Plaintiff has demonstrated a pattern of failing to prosecute this case. Other than filing the complaint, Plaintiff has made no genuine effort to prosecute this action. Plaintiff has also repeatedly failed to comply this Court's rules and orders and the Federal Rules of Civil Procedure. Specifically, Plaintiff has failed to timely appear before this Court at scheduled court conferences and has missed all of the deadlines in this case including the deadlines to oppose two dispositive motions namely, Defendant's Motion to Dismiss and Defendant's Motion for Summary Judgment and Dismissal.

It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. See *Pagtalunan*, 291 F.3d at 642. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." See *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Here, Plaintiff's repeated refusal to comply with this Court's orders and rules, to diligently prosecute its case and participate in discovery has caused this action to languish—impermissibly allowing plaintiff to control the pace of the docket rather than the court. Thus, the first and second factors weigh in favor of dismissal.

The Court presumes that a Defendant is prejudiced as a result of an unreasonable delay in prosecuting an action. *Rosa v. San Bernardino County Sheriffs*, Case No. 07-1574, 2011 U.S. Dist. LEXIS 65129, *25, 2011 WL 4552409 (C.D. Cal.

February 3, 2011) citing *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Where a party offers a poor excuse for failing to comply with the Court's rules and order and the Federal Rules of Civil Procedure, the prejudice to the opposing parties is sufficient to favor dismissal. See *Yourish*, 191 F.3d at 991-92; *Moneymaker v. CoBen (In re Eisen),* 31 F.3d 1447, 1452 (9th Cir. 1994) ("the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure. . . . The law presumes injury from unreasonable delay"). Here, Plaintiff has offered no justification for its failure to comply with this Court's orders and rules, meet the Court's deadlines, conduct and respond to discovery, respond to dispositive motions and attend scheduled court conferences. Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged its responsibility to prosecute this action. Plaintiff has not even performed the bare minimum action necessary to oppose Defendant's Motion for Summary Judgment and Dismissal, much less expended any time or effort to prosecute this case. Such behavior is in direct contradiction with the public's interest in an expeditious resolution of litigation and the Court's need to manage its docket. "[T]he public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with court orders or move the case forward." *Mixon v. California State Prison L.A. Cnty.*, Case No. 12-10187, 2015 U.S. Dist. LEXIS 120821, at *9 (C.D. Cal. September 1, 2015). Accordingly, the fourth factor weighs in favor of dismissal.

Finally, the fifth *Carey* factor further supports dismissal because no sanction short of dismissal is feasible at this point. Given Plaintiff's egregious conduct and systematic failure to prosecute this action, failure to respond to discovery and comply

6
JUDGMENT AND ORDER

DM2\9766231.2

with this Court's deadlines, orders and procedures, no lesser sanction is likely be effective given Plaintiff's utter disregard for this Court and its rules and procedures. This Court has already granted Plaintiff multiple opportunities to cure its non-compliance and deficiencies in this action and to diligently prosecute this action going forward—all of which have been to no avail. Moreover, the Court attempted to avoid dismissal by ordering the parties to appear at a status conference, thereby, providing Plaintiff with one last opportunity to provide an explanation to the Court for its non-compliance and deficiencies. However, once again, Plaintiff demonstrated its disinterest in prosecuting this action and utter disregard for the authority of this Court by failing to appear at the scheduled status conference. Accordingly, dismissal is warranted.

The Central District of California Local Rule 7-12 states that "failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion, with the exception that a motion pursuant to F.R.Civ.P. 56 may not be granted solely based on the failure to file an opposition." C.D. Cal. Ct. R. 7-12. Here, Plaintiff has not filed an opposition to Defendant's Motion for Summary Judgment and Dismissal. Accordingly, given Plaintiff's non-opposition to Defendant's motion to dismiss this action for failure to prosecute pursuant to Fed. R. Civ. P. Rule 41(b), the motion to dismiss under Fed. R. Civ. P. Rule 41(b) is hereby deemed consented to by Plaintiff and dismissal is granted.

III. Conclusion

After weighing the factors set forth in *Carey v. King*, the Court finds that dismissal for failure to prosecute this action under Fed. R. Civ. P. Rule 41(b) is warranted because of (1) the public's strong interest in the expeditious resolution of litigation; (2) the Court's compelling need to manage its heavy docket; (3) the rebuttable presumption of prejudice to Defendant from undue delay, which Plaintiff has failed to rebut; (4) Plaintiff's own responsibility to move towards a merits

7
JUDGMENT AND ORDER
DM2\9766231.2

disposition at a reasonable pace; and (5) the unavailability of less drastic sanctions given that Plaintiff has repeatedly failed to obey court orders and was given sufficient opportunity to avoid dismissal. Moreover, in light of Plaintiff's non-opposition Defendant's motion to dismiss this action for failure to prosecute pursuant to Fed. R. Civ. P. Rule 41(b), the Court deems that Plaintiff consents to the dismissal of this action under Fed. R. Civ. P. Rule 41(b).

THEREFORE, this action is hereby ordered DISMISSED with prejudice, and judgment shall be entered accordingly. Defendant's motion for summary judgment is hereby denied as moot. Defendant's counsel has indicated that it intends to bring a motion for attorneys' fees which the Court will consider at the time of filing.

**IT IS SO ORDERED.**

Dated: April 25, 2019

*David O. Carter*
Hon. David O. Carter
**United States District Court Judge**